IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CUONG TAN HUYNH,                   :

    Petitioner,                :
                                        CIVIL ACTION 10-0538-CG-M
v.                                 :
                                   CRIMINAL ACTION 05-00299-CG-M
UNITED STATES OF AMERICA,          :

    Respondent.                :

REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Docs. 181-82, 187). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Petitioner's Motion to Vacate (Doc. 181-82, 187) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Cuong Tan Huynh.

Huynh was indicted on October 27, 2005 for the following: knowingly and willingly conspiring to possess, with intent to

1

distribute, Methylenedioxymethamphetamine (hereinafter *MDMA*), commonly known as Ecstasy, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (count 1); knowingly and willingly conspiring to possess, with intent to distribute, methamphetamine in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (count 2); knowingly and willingly possessing, with intent to distribute, MDMA in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (count 3); knowingly and willingly possessing, with intent to distribute, methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (count 4); knowingly and willingly possessing, with intent to distribute, marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (count 5); knowingly using and carrying a firearm, while committing a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1 and 2) (count 6); and using or intending to use property to facilitate the commission of the violations set out in counts one through five, subjecting that property to foreclosure, in accordance with 21 U.S.C. § 853 (count 7) (Doc. 1). On June 28, 2006, a superseding indictment charged Petitioner with the same seven counts but additionally named his conspirators (*see* Doc. 6). On March 5, 2007, Huynh entered into a plea agreement in which he admitted guilt to counts two and six of the superseding indictment (Docs. 92, 95). On June 21, 2007, U.S. District Court Judge Granade sentenced

Petitioner to 188 months and 60 months for counts two and six, respectively, to be served consecutively; Granade also sentenced Huynh to five years of supervised release on each count, to be served concurrently, following his release from prison, and an assessment of two hundred dollars (Doc. 140). Pursuant to the plea agreement, the Government dismissed counts one, three, four, five, and seven of the superseding indictment against Petitioner (*see* Doc. 140).

Represented by new counsel, Huynh appealed his conviction (Docs. 137, 147-48). Due "to a valid appeal waiver contained in [Petitioner's] plea agreement," the Eleventh Circuit Court of Appeals dismissed the appeal (Doc. 175). The U.S. Supreme Court denied Huynh's petition for *certiorari* (*see* Doc. 178).

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on September 1, 2010 in which he raised the following claims: (1) His plea was unknowing and involuntary; (2) his trial attorney rendered ineffective assistance; and (3) he should be provided an evidentiary hearing (Doc. 181-82, 187). Respondent filed a response on November 23, 2010 (Doc. 188) to which Petitioner replied (Doc. 189).

Huynh first claims that his plea was unknowing and involuntary as he was unaware of the full ramifications of a

guilty plea.  More specifically, Petitioner states that he is in this country on green card status and because of the particular diplomatic relations that the United States currently has with Viet Nam, Huynh's home country, he will never have the opportunity to return there and will be resigned to live out his days in prison;[1] Petitioner asserts that if he had been armed with this knowledge at the time of his plea, he would have never entered into the agreement (Doc. 182, pp. 4-6).

The United States Supreme Court, in *United States v. Broce*, 488 U.S. 563, 569 (1989), stated the following:

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence.  Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary.  If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

*Broce*, 488 U.S. at 569.  The Court went on to state:

---

[1] Huynh acknowledges that he "has additional drug trafficking charges in Houston, Texas, and pending charges in the State of Mississippi for allegedly participating in a drive-by shooting" (Doc. 182, p. 6 n.4).

4

> A guilty plea "is more than a confession which admits that the accused did various acts." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). It is an "admission that he committed the crime charged against him." *North Carolina v. Alford*, 400 U.S. 25, 32 (1970). By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime. That is why the defendant must be instructed in open court on "the nature of the charge to which the plea is offered," Fed.R.Crim.P. 11(c)(1), and why the plea "cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *McCarthy v. United States*, 394 U.S. 459, 466 (1969).

*Broce*, 488 U.S. at 570. The Eleventh Circuit Court of Appeals has held that "[t]o determine whether a guilty plea is actually voluntary, knowing, and intelligent the district court judge must address the defendant in open court and meticulously follow the provisions for such a dialogue set for in Fed.R.Crim.P. 11." *United States v. Fairchild*, 803 F.2d 1121, 1123 (11th Cir. 1986) (*citing United States v. Dayton*, 604 F.2d 931, 936-38 (5th Cir. 1979) (*en banc*), *cert. denied*, 445 U.S. 904 (1980)). There are three main concerns in meeting the obligations of Rule 11: "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea."

*United States v. Siegel*, 102 F.2d 477, 481 (11th Cir. 1996) (citations omitted).

In the guilty plea hearing before Judge Granade on March 5, 2007, Petitioner, appearing with counsel, testified that he was twenty-nine years old, had gone through the eighth grade, had not recently been treated for mental illness or narcotic drug addiction, and was not currently under the influence of drugs, medications, or alcoholic beverages (Doc. 160, pp. 3-4). Huynh stated that he had received a copy of the indictment and superseding indictment and was fully satisfied with his counsel and the advice received from him (*id.* at pp. 4-5). Petitioner testified that he had entered into a plea agreement, including a factual resume, which he had reviewed with his attorney before signing;[2] he further stated that he had no other agreements with the government or anyone else to induce his plea (*id.* at pp. 5-6). Huynh stated that he understood the terms of his agreement, that the Court was not bound by those terms, and that the Court could impose a stricter sentence than recommended without allowing him to withdraw the plea (*id.* at pp. 6-7). Petitioner stated that no one had attempted to force him to plead guilty,

---

[2]The Court notes that the plea agreement and the factual resume appear at document 92 in the record. The Court will not summarize the details of the resume as Petitioner has not disputed anything therein (*see* Docs. 181-82, 187, 189).

that he was pleading guilty of his own free will because he was
guilty, and that he was pleading guilty to felony offenses which
would mean the loss of certain enumerated rights and possible
federal benefits; Judge Granade told Huynh he faced the
possibility of deportation (*id.* at pp. 7-8). The Judge informed
Petitioner that the sentence range penalty for the
methamphetamine offense was ten years to life and a term of five
years of supervised release following the imprisonment; she
further informed him that there was a mandatory sentence of
sixty months for the weapons charge, to be served consecutively
to the other sentence, with three years of supervised release
following imprisonment (*id.* at pp. 8-10). Huynh stated that he
and his attorney had talked and that he understood that there
were sentencing guidelines for the judges to use and that the
sentence range could not be determined until a presentence
report had been completed and that there could be upward or
downward departures from that; Petitioner further stated that he
understood that the Judge could depart from the guidelines, as
they were only advisory, and that there was no possibility of
parole in the federal system (*id.* at pp. 10-12). Huynh stated
that he understood that there were only limited circumstances
under which he could appeal his conviction; he further stated
that he understood that he had the right to proceed to trial,

with an attorney, and confront witnesses who would testify against him as well as call his own witnesses to testify on his behalf (*id.* at pp. 12-14). Judge Granade then set out the elements of the two crimes to which Petitioner was pleading which would have to be proven to obtain a conviction; Huynh admitted that the government could prove a set of facts to obtain those convictions (*id.* at pp. 14-16). Petitioner then pled guilty (*id.* at p. 16). Judge Granade found, on the record, that Huynh was fully competent and capable of entering an informed plea, that he was aware of the nature of the charges and the consequences of entering into a plea, and that the plea was knowing and voluntary and supported by an independent basis in fact containing each essential element of the offenses; the Judge accepted the plea and found Petitioner guilty of the offenses (*id.* at pp. 16-17).

It appears to the Court that Huynh's plea satisfies the requirements of Rule 11 and *Siegel*. It seems evident from the plea hearing that Petitioner knowingly and voluntarily entered into his agreement with his eyes wide open; that was certainly Huynh's testimony at the time as found by Judge Granade and found here in this Report. Finding that the plea was voluntary and made with the aid of counsel, *Broce* indicates that the inquiry is closed. *Broce*, 488 U.S. at 569.

Respondent has also asserted that Petitioner's first claim is procedurally defaulted (Doc. 188, pp. 7-8). However, because the Court has already found the claim to be without merit, it finds no reason to discuss whether it is also procedurally defaulted.

However, the Court would note that Huynh's first claim would appear to be both premature and improperly filed. The relief sought in this claim is premature in that Petitioner is serving what appears to be a valid sentence for crimes to which he knowingly and voluntarily admitted guilt. As such, Huynh is not being impermissibly detained at this time. Therefore, the argument raised is based on a faulty premise as there is no relief which can be granted. Once Petitioner's sentence is served, if deportation is not a viable option, he may wish to file an action under 28 U.S.C. § 2241.

Huynh has also claimed that his trial attorney rendered ineffective assistance of counsel in failing to inform him of the immigration consequences of his plea (Doc. 182, pp. 6-11). In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court defined the showing a habeas petitioner must make to prevail on an ineffective assistance claim:

> First, the defendant must show that
> counsel's performance was deficient. This

9

> requires showing that counsel made errors so
> serious that counsel was not functioning as
> the "counsel" guaranteed the defendant by
> the sixth amendment.  Second, the defendant
> must show that the deficient performance
> prejudiced the defense.  This requires
> showing that counsel's errors were so
> serious as to deprive the defendant of a
> fair trial, a trial whose result is
> reliable.  Unless a defendant makes both
> showings, it cannot be said that the
> conviction . . . resulted from a breakdown
> in the adversary process that renders the
> result unreliable.

*Id*. at 687.

The Court finds no merit in Petitioner's claim.  His only assertion has been that he would not have pled guilty if he had known that there was a possibility that he would not be able to return to his native country.  This set of circumstances, if they are indeed as Huynh has argued, would be no different if he had gone to trial.  The Court fails to see how Petitioner has been prejudiced.

Finally, Huynh has asserted that he should be provided an evidentiary hearing.  An evidentiary hearing is not required where the court can determine the merits of the claims on the record before the Court; "[t]he burden is on the habeas petitioner to show the necessity for a hearing." *Schultz v. Wainwright*, 701 F.2d 900, 901 (11th Cir. 1983).  As the Court has reached a determination on the claims raised in this petition,

finding them to be without merit, there is no reason to hold an evidentiary hearing.

Huynh has raised three claims in this petition. All are without merit. Therefore, it is recommended that the petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Cuong Tan Huynh.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Inasmuch as the Court has found that Huynh has failed to assert sufficient facts to support a claim of constitutional error, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000). It is suggested that Huynh will not be able to make that showing.

## CONCLUSION

The Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. Furthermore, it is recommended that Petitioner is not entitled to a certificate of appealability and, therefore, not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the

      basis for the objection.  The objecting party shall
      submit to the district judge, at the time of filing
      the objection, a brief setting forth the party's
      arguments that the magistrate judge's recommendation
      should be reviewed <u>de novo</u> and a different disposition
      made.  It is insufficient to submit only a copy of the
      original brief submitted to the magistrate judge,
      although a copy of the original brief may be submitted
      or referred to and incorporated into the brief in
      support of the objection.  Failure to submit a brief
      in support of the objection may be deemed an
      abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.**<u>Transcript (applicable where proceedings tape recorded)</u>**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

   DONE this 31st day of March, 2011.


                                    <u>s/BERT W. MILLING, JR.</u>
                                    UNITED STATES MAGISTRATE JUDGE