# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| CUONG TAN HUYNH, | : | |
| Petitioner, | : | |
| vs. | : | CA 5-00299-CG-C-1 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Petitioner, Cuong Tan Huynh, has filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255 ("second § 2255 motion"). (Doc. 206). This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Following consideration of all relevant pleadings in this case, it is recommended that Huynh's second § 2255 motion be construed as a § 2241 petition and dismissed without prejudice.

## BACKGROUND

Huynh was indicted on October 27, 2005, for knowingly and willingly conspiring to possess, with intent to distribute, Methylenedioxymethamphetamine ("MDMA"), commonly known as Ecstasy, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (Count One); knowingly and willingly conspiring to possess, with intent to distribute, methamphetamine in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (Count Two); knowingly and willingly possessing, with intent to distribute, MDMA in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Three); knowingly and willingly possessing,

with intent to distribute, methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Four); knowingly and willingly possessing, with intent to distribute, marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Five); knowingly using and carrying a firearm, while committing a drug trafficking crime, in violation of 18 U.S.C. § 924 (c)(1) and (2) (Count Six); and using or intending to use property to facilitate the commission of the violations set out in Counts One through Five, subjecting that property to foreclosure, in accordance with 21 U.S.C. § 853 (Count Seven). (Doc. 1). On June 28, 2006, a superseding indictment charged Huynh with the same seven counts and named his conspirators. (*See* Doc. 6). On March 5, 2007, Huynh entered into a plea agreement in which he admitted guilt to Counts Two and Six of the superseding indictment. (Docs. 92 & 95). On June 21, 2007, United States District Court Judge Callie V.S. Granade sentenced Huynh to 188 months and 60 months for Counts Two and Six, respectively, to be served consecutively. (Doc. 140). Judge Granade, also, sentenced Huynh to five years of supervised release on each count, to be served concurrently, following his release from prison, and assessed criminal penalties in the amount of two hundred dollars. (Doc. 140). Pursuant to the plea agreement, the Government dismissed Counts One, Three, Four, Five, and Seven of the superseding indictment against Huynh. (*See* Doc. 140).

Represented by new counsel, Huynh appealed his conviction. (Docs. 137 & 147-48). Due "to a valid appeal waiver contained in [Huynh's] plea agreement," the Eleventh Circuit Court of Appeals dismissed the appeal. (Doc. 175). The United States Supreme Court denied Huynh's petition for *certiorari*. (*See* Doc. 178).

Huynh filed on September 1, 2010, his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("first § 2255 motion"), (Doc. 181), in which he claimed his plea was unknowing and involuntary, his trial attorney rendered ineffective assistance, and he should be provided an evidentiary hearing, (Doc. 181-82 & 187). United States Magistrate Judge Bert W. Milling, Jr., entered a Report and Recommendation in regard to Huynh's first § 2255 motion, in which it was recommended that Huynh's habeas corpus petition be denied. (Doc. 190). Huynh filed on April 12, 2011, an objection to the Report and Recommendation. (Doc. 191). On September 2, 2011, Judge Granade entered an Order that adopted the Report and Recommendation, denied Huynh's habeas corpus petition, and dismissed the action, (Doc. 192); and, contemporaneously, judgment was entered in favor of Respondent United States of America and against Huynh, (Doc. 193).

On October 2, 2015, Huynh filed his Motion to Modify Sentence Pursuant to Retroactive Amendment 782 ("motion to modify"), in which Huynh sought to have the Court apply to his sentence Amendment 782 to the United States Sentencing Guidelines, which was made effective on November 1, 2014. (Doc. 197). The Court granted Huynh's motion to modify on November 19, 2015, reduced his sentence on Count Two from 188 months to 151 months, and noted his sentence of sixty months on Count Six was not subject to reduction. (Doc. 202).

On April 22, 2016, Huynh filed his Motion for Order to Grant Time Served in which he argued that his sentence was not to be served consecutively with his state court sentence, (Doc. 204), which the Court denied on April 28, 2016, and

noted that the Court intended for his sentence to run consecutively to any state sentence, (Doc. 205).

Huynh filed his instant motion on November 17, 2016. (Doc. 206).

## CONCLUSIONS OF LAW

In Huynh's second § 2255 motion, he claims that the sentence imposed by the Court is being unlawfully executed because his federal sentence did not concurrently run with his state sentence. (Doc. 206, at 5). In support of Huynh's claim, he cites to the United States Sentencing Guidelines, which state, "[A] term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . the sentence for the instant offense shall be imposed as follows: [. . .] (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment." U.S.S.G. § 5G1.3(b)(2).

"[Section] 2255 provides relief for federal prisoners on 'the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.'" *Darby v. Hawk-Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005) (per curiam) (quoting 28 U.S.C. § 2255). However, "challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241." *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1384, 1352 (11th Cir. 2008). Here, Huynh challenges the execution of his sentence, which is properly brought under § 2241, *Antonelli*, 542 F.3d at 1352.

4

Therefore, the Court finds Huynh's second § 2255 motion is filed in error and is, in fact, a § 2241 habeas petition[1].

A court lacks subject-matter jurisdiction over a § 2241 habeas petition that is not filed in the district where a petitioner is incarcerated. *See Rumsfeld v. Padilla*, 542 U.S. 426, 446-47 (2004) ("The proviso that district courts may issue the writ only 'within their respective jurisdictions' forms an important corollary to the immediate custodian rule in challenges to present physical custody under § 2241. Together they compose a simple rule that has been consistently applied in the lower courts . . . : Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *Diaz v. United States*, 580 F. App'x 716, 717 (11th Cir. 2014) ("A § 2241 petition by a federal prisoner must be brought in the district where the inmate is incarcerated.")[2]; *Vance v. United States*, 476 F. App'x 234 (11th Cir. 2012) (per curiam) ("The government argues, and Vance concedes, that the district court lacked subject-matter jurisdiction to entertain the petition because 'section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated.' *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991). The district court lacked jurisdiction over Vance's petition because Vance is not incarcerated in that district. We vacate the order that denied Vance's petition and remand with instructions to dismiss Vance's petition for lack of jurisdiction."); *United States v. Pruitt*, 417 F. App'x 903, 904 (11th Cir. 2011) (per

---

[1] A "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" form is attached to this Report and Recommendation.

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Aug. 1, 2012).

5

curiam) ("[A] petition for writ of habeas corpus pursuant to § 2241 'may be brought only in the district court for the district in which the inmate is incarcerated.'"). The district where Huynh is incarcerated[3] is the Western District of Louisiana. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). Since Huynh's motion was not filed in the Western District of Louisiana, this Court lacks subject-matter jurisdiction to decide this matter and recommends that it be dismissed without prejudice pursuant to Rule 12(h)(3), FED. R. CIV. P.

## CONCLUSION

The Magistrate Judge recommends Petitioner Huynh's § 2241 motion, mistakenly filed as a motion pursuant to 28 U.S.C. § 2255, (Doc. 206), be **DISMISSED WITHOUT PREJUDICE**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. Ala. Gen. L.R. 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time

---

[3] On the Federal Bureau of Prisons' website, the prisoner locator, https://www.bop.gov/inmateloc/, indicates Huynh is located at FCI Oakdale I in Oakdale, Louisiana, which is from where he sent his second § 2255 motion, (*see* Doc. 206, at 1).

6

period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 24th day of April 2017.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

# PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

## Instructions

1. **Who Should Use This Form**. You should use this form if
   - you are a federal prisoner and you wish to challenge the way your sentence is being carried out *(for example, you claim that the Bureau of Prisons miscalculated your sentence or failed to properly award good time credits)*;
   - you are in federal or state custody because of something other than a judgment of conviction *(for example, you are in pretrial detention or are awaiting extradition)*; or
   - you are alleging that you are illegally detained in immigration custody.

2. **Who Should Not Use This Form**. You should not use this form if
   - you are challenging the validity of a federal judgment of conviction and sentence *(these challenges are generally raised in a motion under 28 U.S.C. § 2255)*;
   - you are challenging the validity of a state judgment of conviction and sentence *(these challenges are generally raised in a petition under 28 U.S.C. § 2254)*; or
   - you are challenging a final order of removal in an immigration case *(these challenges are generally raised in a petition for review directly with a United States Court of Appeals)*.

3. **Preparing the Petition**. The petition must be typed or neatly written, and you must sign and date it under penalty of perjury. **A false statement may lead to prosecution.**

   All questions must be answered clearly and concisely in the space on the form. If needed, you may attach additional pages or file a memorandum in support of the petition. If you attach additional pages, number the pages and identify which section of the petition is being continued. Note that some courts have page limitations. All filings must be submitted on paper sized 8½ by 11 inches. **Do not use the back of any page.**

4. **Supporting Documents**. In addition to your petition, you must send to the court a copy of the decisions you are challenging and a copy of any briefs or administrative remedy forms filed in your case.

5. **Required Filing Fee**. You must include the $5 filing fee required by 28 U.S.C. § 1914(a). If you are unable to pay the filing fee, you must ask the court for permission to proceed in forma pauperis – that is, as a person who cannot pay the filing fee – by submitting the documents that the court requires.

6. **Submitting Documents to the Court**. Mail your petition and ____ copies to the clerk of the United States District Court for the district and division in which you are confined. For a list of districts and divisions, see 28 U.S.C. §§ 81-131. All copies must be identical to the original. Copies may be legibly handwritten.

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

7. **Change of Address**. You must immediately notify the court in writing of any change of address. If you do not, the court may dismiss your case.

UNITED STATES DISTRICT COURT
for the
_____ District of _____

)
)
)
)
_____ )
*Petitioner* )
)
v. ) Case No. _____
) *(Supplied by Clerk of Court)*
)
)
)
_____ )
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

**PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

**Personal Information**

1. (a) Your full name: _____
   (b) Other names you have used: _____
2. Place of confinement:
   (a) Name of institution: _____
   (b) Address: _____
   _____
   (c) Your identification number: _____
3. Are you currently being held on orders by:
   ❏ Federal authorities    ❏ State authorities    ❏ Other - explain:
   _____

4. Are you currently:
   ❏ A pretrial detainee (waiting for trial on criminal charges)
   ❏ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
      If you are currently serving a sentence, provide:
      (a) Name and location of court that sentenced you: _____
      _____
      (b) Docket number of criminal case: _____
      (c) Date of sentencing: _____
   ❏ Being held on an immigration charge
   ❏ Other *(explain)*: _____
   _____
   _____

**Decision or Action You Are Challenging**

5. What are you challenging in this petition:

   ❏ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

   ❏ Pretrial detention

   ❏ Immigration detention

   ❏ Detainer

   ❏ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

   ❏ Disciplinary proceedings

   ❏ Other *(explain)*:

6. Provide more information about the decision or action you are challenging:

   (a) Name and location of the agency or court:

   (b) Docket number, case number, or opinion number:

   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

   (d) Date of the decision or action:

**Your Earlier Challenges of the Decision or Action**

7. **First appeal**

   Did you appeal the decision, file a grievance, or seek an administrative remedy?

   ❏ Yes        ❏ No

   (a) If "Yes," provide:

       (1) Name of the authority, agency, or court:

       (2) Date of filing:
       (3) Docket number, case number, or opinion number:
       (4) Result:
       (5) Date of result:
       (6) Issues raised:

(b)  If you answered "No," explain why you did not appeal:

8. **Second appeal**

    After the first appeal, did you file a second appeal to a higher authority, agency, or court?

    ❏ Yes             ❏ No

    (a)  If "Yes," provide:

    (1)  Name of the authority, agency, or court:

    (2)  Date of filing:
    (3)  Docket number, case number, or opinion number:
    (4)  Result:
    (5)  Date of result:
    (6)  Issues raised:

    (b)  If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**

    After the second appeal, did you file a third appeal to a higher authority, agency, or court?

    ❏ Yes             ❏ No

    (a)  If "Yes," provide:

    (1)  Name of the authority, agency, or court:

    (2)  Date of filing:
    (3)  Docket number, case number, or opinion number:
    (4)  Result:
    (5)  Date of result:
    (6)  Issues raised:

(b)  If you answered "No," explain why you did not file a third appeal:

10. **Motion under 28 U.S.C. § 2255**

    In this petition, are you challenging the validity of your conviction or sentence as imposed?

    ❒ Yes          ❒ No

    If "Yes," answer the following:

    (a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

           ❒ Yes          ❒ No

           If "Yes," provide:
           (1) Name of court:
           (2) Case number:
           (3) Date of filing:
           (4) Result:
           (5) Date of result:
           (6) Issues raised:

    (b)    Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

           ❒ Yes          ❒ No

           If "Yes," provide:
           (1) Name of court:
           (2) Case number:
           (3) Date of filing:
           (4) Result:
           (5) Date of result:
           (6) Issues raised:

      (c)      Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

11. **Appeals of immigration proceedings**

    Does this case concern immigration proceedings?

    ❏ Yes           ❏ No

        If "Yes," provide:

    (a)    Date you were taken into immigration custody:

    (b)    Date of the removal or reinstatement order:

    (c)    Did you file an appeal with the Board of Immigration Appeals?

        ❏ Yes           ❏ No

        If "Yes," provide:

        (1) Date of filing:

        (2) Case number:

        (3) Result:

        (4) Date of result:

        (5) Issues raised:

    (d)    Did you appeal the decision to the United States Court of Appeals?

        ❏ Yes           ❏ No

        If "Yes," provide:

        (1) Name of court:

        (2) Date of filing:

        (3) Case number:

(4) Result:
(5) Date of result:
(6) Issues raised:

12. **Other appeals**

    Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

    ❏ Yes            ❏ No

    If "Yes," provide:

    (a) Kind of petition, motion, or application:
    (b) Name of the authority, agency, or court:

    (c) Date of filing:
    (d) Docket number, case number, or opinion number:
    (e) Result:
    (f) Date of result:
    (g) Issues raised:

### Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

    **GROUND ONE**:

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground One in all appeals that were available to you?
❏ Yes ❏ No

**GROUND TWO**:

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?
❏ Yes ❏ No

**GROUND THREE**:

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
❏ Yes ❏ No

**GROUND FOUR**:

(a) Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
❏ Yes                     ❏ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

## Request for Relief

15. State exactly what you want the court to do:

# Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: _____

*Signature of Petitioner*

*Signature of Attorney or other authorized person, if any*